UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANN L. HIRDLER,

    Plaintiff,

v.

KAREN FOY,
NICOLE MOORE, and
MARILYN KLUG,

    Defendants.

Civil No. 06-567 (ADM/JSM)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed for lack of subject matter jurisdiction, and that Plaintiff's IFP application be denied.

**I.     BACKGROUND**

Plaintiff is a resident of a long-term care facility known as "Andrew Residence." She is attempting to sue the director of the facility, Defendant Karen Foy, and an employee at the facility, Defendant Nicole Moore. Plaintiff is also attempting to sue her court-appointed conservator, Defendant Marilyn Klug.

Although it is quite difficult to follow all of the allegations of Plaintiff's long and rambling Complaint, it is evident that she has been very dissatisfied with her accommodations at Andrew Residence. During the past several years she has been

assigned to several different rooms, which she has been required to share with several different roommates. She has found most of her housing arrangements to be problematic for one reason or another.

Plaintiff claims that Defendants have violated her rights under the Minnesota Patients Bill of Rights, Minn.Stat. § 144.651, by frequently transferring her to new rooms, and requiring her to live with new roommates, without her approval.[1] She is seeking compensatory damages for physical, psychological and emotional injuries that she allegedly has suffered as a result of Defendants' alleged violations of her legal rights. Plaintiff is also seeking an injunction that would compel Defendants to satisfy their legal responsibilities to provide her with suitable rooms and roommates in the future.

## II.   DISCUSSION

Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall

---

[1] Plaintiff cites Minn.Stat. § 144.651, subd. 29, which provides that –

"Residents shall not be arbitrarily transferred or discharged. Residents must be notified, in writing, of the proposed discharge or transfer and its justification no later than 30 days before discharge from the facility and seven days before transfer to another room within the facility. This notice shall include the resident's right to contest the proposed action, with the address and telephone number of the area nursing home ombudsman pursuant to the Older Americans Act, section 307(a)(12). The resident, informed of this right, may choose to relocate before the notice period ends. The notice period may be shortened in situations outside the facility's control, such as a determination by utilization review, the accommodation of newly-admitted residents, a change in the resident's medical or treatment program, the resident's own or another resident's welfare, or nonpayment for stay unless prohibited by the public program or programs paying for the resident's care, as documented in the medical record. Facilities shall make a reasonable effort to accommodate new residents without disrupting room assignments."

dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

Even with the benefit of the liberal construction that is required in pro se cases, (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), the Court can find no claim in Plaintiff's present pleading that can be entertained in federal court.  Plaintiff is clearly seeking relief based on state law, namely the Minnesota Patients Bill of Rights, which means that jurisdiction does not exist under the "Federal Question" statute, 28 U.S.C. § 1331.[2]  Furthermore, it clearly appears that Plaintiff and Defendants are all Minnesota residents, which means that jurisdiction does not exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332.

Because Plaintiff has not identified, (and the Court cannot independently discern), any grounds for federal subject matter jurisdiction, Plaintiff's current claims for relief cannot be litigated in federal court.  The Court will therefore recommend that this action be summarily dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's pending application to proceed IFP be denied.

---

[2]  The complaint includes several vague allusions to "racial bias," (Complaint, [Docket No. 1], pp. 42-50), which Plaintiff perhaps believes could somehow implicate some unspecified federal law.  However, Plaintiff has not alleged any facts showing that she has been directly and personally discriminated against on the basis of her race.  (She apparently is White.)  The Court finds no factual allegations suggesting that any of the Defendants actually discriminated against Plaintiff herself in any manner that could support a cause of action under any federal law.

### III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.      Plaintiff's Complaint, (Docket No. 1), be **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3); and

2.      Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**.

Dated:      February 14, 2006

*s/Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 6, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.